## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

WESTECUNK DUCK CLUB LLC
75 Wynnewood Drive
Freehold, NJ 07728

                              Plaintiff,

vs.

KINGSTONE INSURANCE COMPANY
15 Joys Lane
Kingston, NY 12401

                    Defendant.

**DOCKET NO.**

## <u>NOTICE OF REMOVAL</u>

Please take notice that defendant Kingstone Insurance Company, improperly identified by Plaintiff as Kingston Insurance Company ("Kingstone" or "Defendant"), through its undersigned attorneys and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal and hereby removes this case brought by Westecunk Duck Club LLC ("Plaintiff") from the Superior Court of New Jersey, Ocean County, at Case No. OCN-L-001883-24 (the "State Court Action") to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1441, *et seq.*, and in support of this removal states as follows:

1.     Plaintiff and Defendant are citizens of different states.

2.     This Court's jurisdiction over this matter is based upon diversity of citizenship under 28 U.S.C. § 1332.

3.      Plaintiff Westecunk Duck Club LLC is a citizen of New Jersey.  Plaintiff does business at 75 Wynnewood Drive, Freehold, NJ 07728.  *See* **Exhibit A**, Plaintiff's Complaint, attached hereto.

4.      Defendant Kingstone is a citizen of New York.  Kingstone is an insurance company organized under the laws of the State of New York and has its registered office/principal place of business at 15 Joys Lane, Kingston, NY 12401.

5.      The amount in controversy, as alleged by Plaintiff, is for compensatory damages, punitive damages, interest, costs of suit, and attorneys' fees, as well as "for such other relief as the Court may deem equitable and just."  *See* **Exhibit A**, Plaintiff's Complaint, attached hereto.

6.      Plaintiff does not include any indication that damages shall not exceed $75,000.00 in its Complaint.

7.      The amount in controversy in this matter exceeds $75,000, as Plaintiff seeks statutory attorneys' fees and punitive damages in addition to compensatory damages.

8.      Demands for punitive damages are included in the calculation of the amount in controversy.  *See, e.g., Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) ("a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum.").

9.      Further, when attorney's fees are recoverable under an alleged statutory cause of action, such fees are included in the calculation of the amount in controversy.  *See, e.g., Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").

10.     Additionally, in actions as to whether coverage is owed to an insured, the jurisdictional amount has been determined to be the maximum available under the policy. *Abood v. Gulf Group Lloyds*, 2008 U.S. Dist. LEXIS 51406, *7 (W.D. Pa. July 1, 2008); *Hanna v. State Farm Fire & Casualty Co.*, 2007 U.S. Dist. LEXIS 59650, *5 (E.D. Pa. August 14, 2007) (citing cases and observing that "in a declaratory judgment action involving an insurance policy, the amount in controversy is determined by the maximum amount for which the insurer may be held liable."); *Weber v. Nationwide Ins. Co.,* 2012 U.S. Dist. LEXIS 82614, *8-10 (E.D. Pa. June 14, 2012) (same). Per **Exhibit B**, the attached Declaration Pages for the Subject Policy, Coverage A (Dwelling) is $440,000.

11.     Pursuant to 28 U.S.C. § 1441, "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

12.     This Court has, and at the time of the filing of the State Court Action in Ocean County, had, original jurisdiction based upon diversity of citizenship over this action pursuant to 28 U.S.C. § 1332 (a) (1).

13.     In the instant action, Plaintiff filed a Complaint in the Superior Court of New Jersey, Ocean County, on July 24, 2024; Kingstone was served with the Complaint on August 5, 2024 via Certified Mail/Return Receipt Requested with tracking number 7022 2410 0003 3727 1928; an Affidavit of Service was filed with the Court by Plaintiff stating the service date of August 5, 2024 (*See* **Exhibit C**); and no further documents have been filed in this matter.

14.    This Notice for Removal is timely made under 28 U.S.C. § 1446(b) because it has been filed within thirty days of the August 5, 2024 date of service of Plaintiff's Complaint upon Kingstone.

15.    Given Plaintiff's alleged contractual and statutory based damages, plus interest and costs, the instant action satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332 insofar as the amount in controversy could exceed $75,000, although Kingstone denies that Plaintiff will ultimately recover such amounts.

16.    The Complaint contained the information necessary for ascertain removal.

17.    A copy of the Complaint filed in the State Court Action and received by Kingstone is attached hereto as **Exhibit A**.

18.    Pursuant to Fed. R. Civ. P. 7.1, Kingstone's Corporate Disclosure Statement will be filed with the Court.

19.    Pursuant to 28 U.S.C. § 1446 (d), Kingstone shall give written notice to Plaintiff and shall file a copy of this notice with the clerk of the State court, which shall affect the removal and the State court shall proceed no further unless and until the case is remanded.

20.    Kingstone hereby reserves all defenses which it may be able to assert or as to which it otherwise is entitled to as a matter of law and does not waive any such defenses.

WHEREFORE, Defendant Kingstone, pursuant to 28 U.S.C. § § 1441 and 1446, *et seq.*, hereby gives notice that the case pending in the matter of *Westecunk Duck Club LLC vs. Kingstone Insurance Company*, Superior Court of New Jersey Ocean County, at Docket No. OCN-L-001883-24, is hereby removed to this Court.

Dated:  September 3, 2024

Respectfully submitted,

KUTAK ROCK LLP


By: */s/ Amy J. Blumenthal*
      Amy J. Blumenthal
      NJ ID: 12742007
      100 N. 18th Street, Suite 1920
      Philadelphia, PA 19103
      (215) 299-4384
      amy.blumenthal@kutakrock.com
      *Attorneys for Defendant*


## INITIAL CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that, to the best of my knowledge, information, and belief, the matter in controversy set forth in the foregoing Notice of Removal and accompanying complaint is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.


      */s/ Amy J. Blumenthal*
      Amy J. Blumenthal
      *Attorneys for Defendant*

Dated: September 3, 2024

**CERTIFICATE OF SERVICE**

I, Amy J. Blumenthal, hereby certify that on this 3rd day of September, 2024 the foregoing Notice of Removal has been filed via the Court's electronic filing system.  The foregoing has also been filed electronically with the Ocean County Superior Court.  These documents were also served upon the following by electronic mail:

> Frank Hosking, III, Esquire
> Wheeler, Diulio & Barnabei, P.C.
> 1650 Arch Street, Suite 2200
> Philadelphia, PA 19103
> fhosking@wdblegal.com
> **Counsel for Plaintiff**

> */s/ Amy J. Blumenthal*_____
> Amy J. Blumenthal
> *Attorneys for Defendant*